IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03190-GPG

DOMINGO DIAS,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
DAVID VENTURELLA,[1] Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is an Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1). The Court GRANTS the petition for the following reasons. Because the briefing demonstrates that Petitioner Domingo Dias's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a determination in his removal proceedings.[2] Petitioner is a native of Guinea Bissau who entered

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

[2] The Court draws the operative facts as set forth in the Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1).

the United States on a J1 visa in or about 2007 or 2008 (D. 1 at 5). Petitioner as detained by ICE on or about August 16, 2011, and an Immigration Judge ordered his removal to Guinea Bissau in December 2011 (*id.*). On or about March 13, 2012, Petitioner was released from custody on Order of Supervision (*id.* at 19). He was then re-detained by ICE on June 28, 2026, without any document revoking the Order of Supervision (*id.* at 6). Petitioner now seeks a writ of habeas corpus granting his immediate release, arguing that this detention violates his constitutional right to due process (*id.* at 5). On August 24, 2026, Respondents declined to submit a brief in opposition to the Petition and stated that "if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security" (D. 14 at 2).

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Because Respondents do not oppose the Petition nor the relief requested, Petitioner's Petition (D. 1) is GRANTED, and Respondents are ORDERED to release Petitioner from custody within FIVE DAYS of this Order. Respondents may continue to subject Petitioner to the same conditions as before his August 2026 re-detention but no more are warranted. As Respondents have not proven that by a preponderance that Mr. Dias is a flight risk or danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds, and Respondents SHALL update this Court in writing upon Petitioner's release.

DATED August 24, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge